UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELISSA DAWN GROVE,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:22-cv-0915 |
| v. | : | (JUDGE MANNION) |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | |
| | : | |
| Defendant | : | |
| | : | |

## MEMORANDUM

Pending before the court is Plaintiff Melissa Dawn Grove's appeal of the final administrative decision of the Commissioner of Social Security denying her claims for disability insurance benefits and supplemental security income. (Doc. 1). Magistrate Judge Joseph F. Saporito has filed a report and recommendation (the "Report"), (Doc. 17), which recommends that the Commissioner's decision be affirmed. Plaintiff has filed an objection to the Report, (Doc. 18), and the Commissioner has responded to that objection. (Doc. 20).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v.

Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard of review is *de novo*, the district court "may also, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations." Bynum v. Colvin, 198 F. Supp. 3d 434, 437 (E.D. Pa. 2016) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§405(g), 1383(c)(3). The court exercises plenary review over the Commissioner's legal conclusions, Hess v. Comm'r Soc. Sec., 931 F.3d 198, 208 n.10 (3d. Cir. 2019), and reviews the Commissioner's factual findings for substantial evidence. 42 U.S.C. §§405(g), 1383(c)(3); Hess, 931 F.3d at 208 n.10. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Chandler v. Comm'r Soc. Sec., 667 F.3d 356 (3d Cir. 2011).

Plaintiff applied for disability insurance benefits and supplemental security income in June 2020. After her application was denied by state agency reviewers initially and on reconsideration, Plaintiff requested an administrative hearing. An Administrative Law Judge (ALJ) denied Plaintiff's application in a written decision, concluding that Plaintiff was not disabled under Social Security law. The Social Security Appeals Council denied

Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Doc. 17, at 2–3).

Plaintiff argues that the ALJ's residual functioning capacity (RFC)[1] determination is not supported by substantial evidence because the ALJ failed to properly evaluate the opinion of Plaintiff's treating neurologist Dr. Ravi Dukkipati. (Doc. 14, at 4). An ALJ assesses an applicant's RFC "based on all the relevant medical and other evidence." 20 C.F.R. §§404.1545(a)(3), 416.945(a)(3). Medical opinions are considered using factors including (1) supportability, (2) consistency, (3) relationship with claimant, and (4) specialization, with supportability and consistency being the two most important factors. §§404.1520c(a)–(c), 416.920c(a)–(c). ALJs must articulate in their decision how persuasive they find the medical opinions in an applicant's case record, but are not required to articulate how each medical opinion was considered individually. §§404.1520c(b)(1), 416.920c(b)(1).

The Report concludes that the ALJ considered the opinion and articulated his finding regarding its persuasiveness properly. (Doc. 17, at 32). It also concludes that the ALJ's findings regarding Dr. Dukkipati's opinions

---

[1] An applicant's residual functioning capacity is considered as part of the five-step sequential evaluation process used to determine whether the applicant is disabled. 20 C.F.R. §404.1520(a)(4)(iv).

are supported by substantial evidence. (Id.). Despite the Report's conclusion that the ALJ's finding "was reached based upon a correct application of the relevant law," (Doc. 17, at 33), Plaintiff objects that the Report "mischaracterizes Plaintiff's argument as simply asking the Court to re-weigh the evidence in her favor" and improperly "attempt[s] to limit the scope of the Court's review[] to a consideration of whether substantial evidence supports the ALJ's decision overall." (Doc. 18, at 2). Nonetheless, the court must review these legal conclusions *de novo*.

Dr. Dukkipati assessed Plaintiff on three occasions and opined on Plaintiff's limitations. (Doc. 14, at 6–7). The ALJ specifically articulated his consideration of Dr. Dukkipati's July 6, 2021 opinion, finding certain portions regarding moderate and lesser mental health limitations persuasive while finding the remainder of the opinion regarding marked and moderate limitations unpersuasive. (Tr. 26). Plaintiff contends that the ALJ improperly found Dr. Dukkipati's opinions unpersuasive by reason of his conclusion that they were not supported by Plaintiff's treatment history.[2] According to

---

[2] That is, the ALJ found that "the absence of documentation of inpatient psychiatric hospitalization, participation in a partial hospitalization or intensive outpatient program, emergency treatment, medication management with a psychiatric provider or therapy or treatment with a psychological or other specialized mental health provider for mental health symptoms" weighed against some of Dr. Dukkipati's opinions regarding marked and moderate limitations. (Tr. 26).

Plaintiff, the ALJ erred by failing "to consider any explanation Plaintiff might have for the lack of additional treatment" and by not "question[ing] Plaintiff regarding her mental health treatment during the hearing." (Doc. 14, at 9).

First, the ALJ did not find that Plaintiff was disabled based on "a lapse in treatment or failure to treat alone." Wooten v. Astrue, 2012 WL 6601397, at *4. Rather, his determination was based on consideration of plaintiff's testimony, medical records, and numerous medical opinions. Even with respect just to Dr. Dukkipati's opinions, a failure to treat was not the sole consideration; the ALJ also found these opinions unsupported by other record evidence. (Tr. 26). Second, Plaintiff faults the ALJ for failing to consider her explanations for lack of treatment, (Doc. 14, at 9), but as explanation cites only Plaintiff's testimony that anxiety and depression made her feel like she "can't do anything" and that she discussed her symptoms and medication side effects with her neurologist. (Tr. 64–65). Her general testimony that she felt like she couldn't do anything and treated with a neurologist does not purport to explain the lack of psychiatric or psychological treatment. At any rate, "the ALJ's mere failure to cite specific evidence does not establish that the ALJ failed to consider it." Phillips v. Barnhart, 91 Fed. Appx. 775, 780 n.7 (3d Cir. 2004). In light of the indirect connection between this testimony and the lack of treatment relied by the

ALJ, the ALJ's failure to cite it in his consideration of Dr. Dukkipati's opinion does not yield the conclusion that he failed to consider it, or render his explanation insufficient. And the ALJ did discuss Plaintiff's testimony concerning her depression and anxiety in his summary of the evidence. (Tr. 17). Finally, Plaintiff offers no support for the proposition that the ALJ was required to solicit such explanation testimony. The court concludes that the ALJ's finding with respect to the persuasiveness Dr. Dukkipati's opinion, measured against whatever explanation for lack of treatment the record contains, is supported by substantial evidence.

Plaintiff next faults the ALJ's reasoning that some of Dr. Dukkipati's opinions were unsupported by, in part, "the record that does not reflect the claimant's exhibition of significant behavioral, cognitive, memory or attentional deficits." (Tr. 26). Plaintiff argues that it was improper for the ALJ to make a finding about Plaintiff's workplace limitations by relying on records from treatment during medical appointments, because "these examinations have little bearing on Plaintiff's ability to function during the normal workday." (Doc. 14, at 9–10). In support of this argument, Plaintiff offers two decisions of the Court of Appeals.

Morales v. Apfel, 225 F.3d 310, 319 (3d Cir. 2000) concluded that an ALJ had erred in rejecting the opinion of a social security plaintiff's treating

psychiatrist that the plaintiff had marked limitations in a number of work-related activities based on that psychiatrist's notation that the plaintiff was stable with medication. The court noted that for a person, like the plaintiff, "who suffers from an affective or personality disorder marked by anxiety, the work environment is completely different from home or a mental health clinic." Id. Thus, the psychiatrist's opinion regarding the plaintiff's work-related limitations "should not be supplanted by an inference gleaned from treatment records reporting on the claimant in an environment absent of the stresses that accompany the work setting." Id.

Likewise, Brownawell v. Comm'r Soc. Sec., 554 F.3d 352, 356 (3d Cir. 2008) regarded as improper an ALJ's decision to discredit the opinion of a plaintiff's consulting psychologist regarding the plaintiff's abilities based on what the ALJ deemed inconsistencies in the text of the psychologist's evaluation. The psychologist had opined that the plaintiff had no ability to maintain attention or concentrate, but reported in his evaluation that the plaintiff had good attention and concentration. Id. The court explained that "[t]hese assessments are not necessarily contradictory, however, as one assessment was describing [the plaintiff's] condition at the time of Dr. Picciotto's examination and the other reflected Dr. Picciotto's assessment of [the plaintiff's] ability to function in a work setting." Id. The court again

underscored "the distinction between a doctor's notes for purposes of treatment and that doctor's ultimate opinion on the claimant's ability to work." Id. (citing Morales, 225 F.3d at 319).

Unlike the ALJs in Morales and Brownawell, the ALJ here did not discredit Dr. Dukkipati's opinions regarding Plaintiff's work-related limitations because of some seemingly inconsistent finding by Dr. Dukkipati regarding Plaintiff's treatment condition. *That* is the type of reasoning the Third Circuit "has admonished." Brownawell, 554 F.3d at 356 (citing Morales, 225 F.3d at 319). Rather, the ALJ found some of Dr. Dukkipati's opinions unpersuasive based in part on the ALJ's finding that the record as a whole does not reflect the exhibition of significant behavioral, cognitive, memory, or attentional deficits by Plaintiff. (Tr. 22, 26). Inconsistency with other medical evidence is a valid factor in considering the persuasiveness of a medical opinion. 20 C.F.R. §404.1520c(c)(2). And the ALJ's conclusion that the record does not reflect the exhibition of significant deficits is a factual finding supported by substantial evidence. (See Tr. 602, 648, 781–82, 784–85, 799, 828, 957, 1176). The reality that "the value of isolated treatment notes" may be "mitigate[d]" by the cyclical nature of mental health symptoms, Ehredt v. Comm'r Soc. Sec., 2014 WL 4384614, at *2 n.2 (W.D. Pa. 2014), does not make treatment notes irrelevant.

Plaintiff next argues that the ALJ's assessment of Dr. Dukkipati's opinions regarding Plaintiff's physical and other limitations was "legally erroneous where the ALJ picked and chose findings to support his conclusion while failing to provide an accurate explanation as to how he considered evidence averse to his position." (Doc. 14, at 11). In her reply brief, Plaintiff cites May 2021 (1) emergency rooms records stating that Plaintiff reported difficulty walking even with a cane and (2) follow-up physical examinations reporting a sensory deficit and motor weakness. (Doc. 16, at 2 (citing Tr. 1087, 1088, 1123)). Plaintiff asserts that the ALJ "failed to address these findings in discrediting Dr. Dukkipati's opinions." (Doc. 16, at 2–3). But the ALJ merely cited, as one among several bases for discrediting Dr. Dukkipati's opinions, "notes of treatment apart from the consultative examination that *generally* reflect the claimant's ability to walk with a normal gait without cane use." (Tr. 26) (emphasis added). While these particular reports indicated difficulty, others, including later ones, did not. (See, e.g., Tr. 1317). Thus, the ALJ's factual determination regarding Plaintiff's ability to walk is supported by substantial evidence. See Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981) ("[W]hen the medical testimony or conclusions are conflicting, the ALJ is not only entitled but required to choose between them.") Given that the ALJ specifically discussed Plaintiff's May 2021

- 9 -

emergency room visit in his summary of evidence, (Tr. 20), including her use of a walker, there is little reason to infer that he ignored the report concerning this instance of plaintiff's walking difficulties.

Plaintiff finally asserts that the ALJ "mischaracterize[d] the record to suggest that the evidence reflects normal findings while failing to acknowledge evidence supporting more severe limitations." (Doc. 14, at 12). According to Plaintiff, the records of Plaintiff's May 2021 hospitalization present "a far more serious picture" than the ALJ's characterization of that visit does. (Id.) Plaintiff argues that the ALJ "diminishe[d] the significance" of the report of sensory deficits and motor weakness "[b]y failing to address how this evidence relates to Dr. Dukkipati's opinion." (Id.) But the ALJ need not "refer to every piece of evidence submitted." Walker v. Astrue, 733 F. Supp. 2d 582, 587 (E.D. Pa. 2010). The ALJ did explain that the general reflection of the record regarding Plaintiff's walking ability did not support Dr. Dukkipati's opinions, and his overall discussion does not suggest that he failed to consider relevant evidence. The ALJ has satisfied his burden of articulation by providing a "discussion of evidence and an explanation of reasoning for his conclusion sufficient to enable meaningful judicial review." Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 504 (3d Cir. 2009).

For the foregoing reasons, the Report will be **ADOPTED IN ITS ENTIRETY** and Plaintiff's objections thereto will be **OVERRULED**. The decision of the Commissioner of Social Security denying Plaintiff's claims for disability insurance benefits and supplemental security income will be **AFFIRMED**. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 26, 2023**
22-0915-01